**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

IN THE MATTER OF CLASS ACTION:

PUBLIC MINISTER WILLIAM LORD PUNCHARD,
PUBLIC MINISTER DENESE WILLIAMS, ROYAL
DEMOCRATIC STATES OF CONTINENTAL SUDAN
AFRICA GOVERNMENT, U.S. CITIZEN FRED REYNOLS,

        Plaintiffs,

vs.                                                                       No. CIV 07-589 MV/KBM

DEMING CITY MUNICIPAL COURT,
DEMING CITY MUNICIPAL JUDGE FRANK
M. VAN GUNDY, the STATE OF NEW
MEXICO, GOVERNOR BILL RICHARDSON,
the U.S. GOVERNMENT, U.S. CIRCUIT
COURT OF APPEALS FOR THE TENTH
CIRCUIT, JUDGE TERRENCE L. O'BRIEN,
and JUDGE HENRY, JUSTICE BRISCOE, and
PRESIDENT GEORGE W. BUSH,

        Defendants.

**MEMORANDUM OPINION AND ORDER STRIKING CLAIMS**

THIS MATTER comes before the Court on the Defendants' Motions to Strike Complaint as to Plaintiffs Denese Williams and Fred Reynolds and to the Extent of any Purported Class Action, filed Aug. 20, 2007 (Federal Defendants) [Doc. 24], Sept. 25, 2007 (State Defendants) [Doc. 42 at 5-6], and Oct. 12, 2007 (Deming Defendants) [Doc. 44]. The Court will grant the motions.

FED. R. CIV. P. 11 requires:

> (a) Signature. Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. . . . An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of attorney or party.

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>>
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

"[T]he purpose of Rule 11 as a whole is to bring home to the individual signer his personal, nondelegable responsibility . . . to validate the truth and legal reasonableness of the papers filed, so also it will visit upon him personally . . . its retribution [of sanctions] for failing in that responsibility." *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 126-27 (1989). Another purpose of Rule 11(a)'s requirement that pro se parties must sign their pleadings is " 'to make certain that those named as parties in an action in which there was no lawyer actually had assented to the filing of the action on their behalf.' " *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (quoting 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1334 (2d ed.1987)).

The caption in the complaint filed in this case purports to be a class action and includes the names of Denese Williams, Fred Reynols, and the "Royal Democratic States of Continental Sudan Africa" as plaintiffs. *See* Doc. 1. The complaint is signed, however, only by "William Lord

Punchard Pro Se Counsel," *see id.* at 12, an apparently fictitious name used by Billy Lloyd Edwards, who is a frequent filer of frivolous litigation in the New Mexico state and federal courts. Edwards has filed suits using the names William Lord Punchard, Billy L. Edwards, Billy Lloyd Edwards Punchard II, William L. Punchard, William L.E. Punchard, II, and Billy Lloyd Punchard.

The civil cover sheet in this case lists only "William Lord Punchard" as the plaintiff. *See id.* Att. 1. Edwards/Punchard holds himself out as the "King" of the "Royal Democratic States of Continental Africa," but both this Court and the Tenth Circuit Court of Appeals have repeatedly held that such a "country" does not exist and claiming to be its "king" or to have some sort of diplomatic immunity based on its alleged existence is delusional. *See, e.g.*, *Punchard v. State*, No. CIV. 02-780 (D.N.M. 2002) (dismissing case and noting that Edwards/Punchard claims to be the king of a "non-existent country" and that his claims of diplomatic immunity are "fanciful and delusional"), *aff'd*, 56 Fed. Appx. 443, 444 (10th Cir. Jan. 27, 2003); *Punchard v. United States BLM*, 180 Fed. Appx. 817, 817 n.1 (10th Cir. May 18, 2006) (noting that the Court had previously affirmed the district court's conclusion that the "Royal Democratic States of Continental Africa Government" is a non-existent country; that "Punchard's claim to be its representative is delusional;" and that the Court would "disregard any reference or argument Punchard makes that depends on that entity's alleged existence"). Because there is no such entity, the Court concludes that it must strike the name "Royal Democratic States of Continental Sudan Africa Government" as a party in the complaint.

Despite having been given notice on August 20, 2007, of the necessity of refiling a signed complaint, neither Williams nor Reynols have done so. And neither have filed a response to the motions to strike them as plaintiffs. Instead, Edwards/Punchard filed a response on their behalf as "pro se counsel," contending that counsel for the United States "overlooked Plaintiffs's [sic] having

3

a Dr. of Jurisprudence Degree . . . [and that] the 'Bevins [sic] Act' has no restrictions as to American judiciary branch;" that the motions were "premature and untimely;" and that "City Court failure to observe Diplomatic Protocol and U.N. Multilateral treaty conduct has caused false Imprisonment of Plaintiffs.  And money he unlawfully taken from the Diplomats."  Edwards/Punchard's Resp. at 6-8 (Doc. 27).

The Court takes judicial notice that, in 1982, Edwards was convicted of five counts of the crime of unauthorized practice of law after he filed several pleadings on behalf of other people in state court.  *See State v. Edwards*, 696 P.2d 1006, 1007 (N.M. Ct. App. 1984), *cert. quashed*, 696 P.2d 1005 (N.M. 2005).  He served six months in jail on one count, with an additional fourteen-months' sentence for the remaining counts suspended with probation.  *See id.*  The state district court conditioned Edwards' probation on the requirement that he "shall cease to practice law in any form."  *Id.*  After his release and a subsequent hearing, the state court determined that Edwards had violated the conditions of probation by continuing to practice law without a license, and directed that he serve three months additional jail time and pay a $500 fine.  *See id.*  On appeal, the Court of Appeals merged the five counts of unauthorized practice into one count and affirmed a single conviction, but set aside the order imposing additional jail time.  *See id.* at 1010.  Edwards' conviction, however, has clearly not deterred him from attempting to represent other parties or to file documents on their behalf.  In 1997, Edwards "attempt[ed] to represent [a] Church as an unlicensed layperson" in federal court, and he had previously filed the same case on both his and the Church's behalf in 1995 in state court.  *Divine Church of God and Christ v. Taxation & Rev. Dep't*, 116 F.3d 1489, *1 & n.1 (10th Cir. June 27, 1997) (unpublished).  Edwards was again cautioned that "an unlicensed layperson may only represent himself and not another individual or artificial entity."  *Id.*

On October 12, 2007, "Denease" (not "Denese" as in the caption of the complaint) Williams, Fred "Reynolds" (not "Reynols" as in the caption of the complaint), and the "Royal Continental Sudan Government" "via [heretofore unidentified alleged] Representative Consul General Y.G. Wright" filed virtually identical motions for summary judgment contending that they did not have to respond to motions the Defendants filed because they had never been served with pleadings or documents filed by the Defendants and had been made aware of those documents through another Plaintiff – obviously Edwards/Punchard – named in the Complaint. *See* Williams' MSJ at 1 (Doc. 45); Reynolds' MSJ at 1 (Doc. 48); "Royal Continental's" MSJ at 1 (Doc. 46). The similar handwriting on these motions indicates that all of them were signed by the same person who signed Edwards/Punchard's virtually identical motion, and all listed only Edwards/Punchard's address and telephone number. *See* Edwards/Punchard's MSJ at 1-2 (Doc. 47). Further, the Court notes that the person who signed "Denease Williams" on Doc. 46 signed Doc. 64 as "Denese Williams," further indicating that Edwards/Punchard is committing fraud upon the Court and creating serious doubt that either Williams or Reynolds, if those people exist, have consented to filing a suit in federal court.     The Court concludes that Williams' and Reynols'/Reynolds' names must be stricken from the Complaint as Plaintiffs for failure to sign the Complaint and submit their names and addresses as required by Rule 11(a) after notice of those deficiencies. *See A.H. v. S. Orange Maplewood Bd. of Educ.*, 153 Fed. Appx. 863, 865 (3d Cir. 2005) (affirming the district court's dismissal of the complaint. for purported plaintiff's failure to sign complaint that was signed by another party appearing pro se); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (affirming striking of complaint where filed by non-lawyer on another inmate's behalf).

Accordingly, the Court will also strike all of Williams', Reynolds', and "Royal

Continental's" motions as documents improperly filed by non-parties. The Court further concludes that this is not a class-action suit.

**IT IS ORDERED** that the Defendants' Motions to Strike Complaint as to Plaintiffs Denese Williams and Fred Reynols[/Reynolds] and to the Extent of any Purported Class Action [Doc. 24 a portion of Doc. 42, and Doc. 44], are **GRANTED;**

**IT IS FURTHER ORDERED** that Denese Williams, Fred Reynols/Reynolds, and the "Royal Democratic States of Continental Sudan Africa" are stricken as plaintiffs in this suit; and

**IT IS FURTHER ORDERED** that Documents 45, 46, 48, 62, 63, 64, 66, 67, and 69 are **STRICKEN** from the record.

_____
**MARTHA VAZQUEZ**
**U. S. DISTRICT COURT JUDGE**