IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

PUBLIC MINISTER WILLIAM LORD PUNCHARD,

      Plaintiff,

vs.                                                       No. CIV 07-589 MV/KBM

DEMING CITY MUNICIPAL COURT,
DEMING CITY MUNICIPAL JUDGE FRANK
M. VAN GUNDY, the STATE OF NEW
MEXICO, GOVERNOR BILL RICHARDSON,
the U.S. GOVERNMENT, U.S. CIRCUIT
COURT OF APPEALS FOR THE TENTH
CIRCUIT, JUDGE TERRENCE L. O'BRIEN,
and JUDGE HENRY, JUSTICE BRISCOE, and
PRESIDENT GEORGE W. BUSH,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Defendants' Motions to Dismiss, *see* Docs. 19, 25, and 40; on their Joint Petition for an Injunctive Writ to Enjoin Plaintiff from Filing Further Actions, *see* Doc. 29; and on the Court's duty to ascertain its subject-matter jurisdiction over Plaintiff's claims, *see* FED. R. CIV. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006) (noting that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject-matter jurisdiction "at any stage in the litigation"). The Court will dismiss the suit and will impose filing restrictions.

# **FACTUAL BACKGROUND**

"William Lord Punchard" is an apparently fictitious name used by Billy Lloyd Edwards, a frequent filer of frivolous litigation in the New Mexico state and federal courts. Edwards has filed suits using the names William Lord Punchard, Billy L. Edwards, Billy Lloyd Edwards Punchard II, William L. Punchard, William L.E. Punchard, II, and Billy Lloyd Punchard. Over the past 21 years, he has filed a series of actions against local, state, and federal courts, agencies and officials. In many of them, including the current action, he purports to be the "king," "emporer," or head of state for a non-existent country, variously called the "Royal Democratic States of Continental Sudan Africa Government" or the "Royal Democratic State of Continental Africa Government," or the "Royal Democratic State of Continental Africa Kingdom." *See Punchard v. New Mexico*, CIV No. 86-1200 M Doc. 6, filed Sept. 9, 1991 (dismissing case filed in 1986 *sua sponte* for failure to state a claim), *appeal dismissed as frivolous*, 956 F.2d 278 (10th Cir. Feb. 5, 1992) (noting that Edwards/Punchard had brought several actions *pro se* and *in forma pauperis* seeking money damages and release from confinement in the New Mexico State Hospital Forensic Unit on the basis of delusional claims of diplomatic immunity); *Punchard v. New Mexico*, CIV No. 91-42, Doc. 32, filed June 8, 1993 (dismissing case as moot); *Punchard v. New Mexico*, CIV No. 94-614 HB, *aff'd*, 69 F.3d 548 (10th Cir. 1995); *Punchard v. Luna County Comm'n*, CIV No. 96-201, *aff'd*, 116 F.3d 489 (10th Cir. June 24, 1997); *Punchard v. Luna County Comm'n*, CIV No. 98-147 JC, *aff'd*, 202 F.3d 282 (10th Cir. Jan. 7, 2000) (affirming imposition of filing restrictions), *cert. denied,* 530 U.S. 1205 (2000), *reh'g denied,* 530 U.S. 1289 (2000); *Punchard v. Luna County Comm'n*, CIV No. 98-786 SC, *appeal dismissed* (10th Cir. 1999); *Punchard v. U.S. Bureau of Land Management*, CIV No. 05-010 LH, *aff'd*, 180 Fed. Appx. 817 (10th Cir.) (disregarding frivolous allegations relating to the

non-existent country), *cert. denied* \_\_\_ U.S. \_\_\_, 127 S. Ct. 738, 166 L. Ed.2d 563 (2006), *reh'g denied* \_\_\_ U.S. \_\_\_, 127 S. Ct. 1363, 167 L. Ed.2d 150 (2007); *Punchard v. United States Gov't*, CIV 05-129 JH, *aff'd*, 206 Fed. Appx. 832 (10th Cir. Dec. 28, 2006), *cert. denied* \_\_\_ U.S. \_\_\_, 127 S. Ct. 2253, 167 L. Ed.2d 1091 (2007); *Punchard v. Bush*, CIV No. 05-130 JH, *aff'd,* 206 Fed. Appx. 832 (10th Cir. Dec. 28, 2006), *cert. denied* \_\_\_ U.S. \_\_\_,127 S. Ct. 2253, 167 L. Ed.2d 1091 (2007).

Edwards/Punchard's cases have often been dismissed for lack of subject-matter jurisdiction. *See, e.g.*, *Punchard v. New Mexico*, CIV No. 02-780 BB, Doc. 38, filed Sept. 9, 2002 (dismissing for lack of subject-matter jurisdiction and instructing Edwards/Punchard that his attempt to attack the Deming Municipal Court's judgment and jurisdiction over him was frivolous and that federal courts have no appellate jurisdiction over state-court decisions), *aff'd* 56 Fed. Appx. 443 (10th Cir. Jan. 27, 2003); *In re Billy L. Edwards v. New Mexico*, CIV No. 02-781 LH, Doc. 40, filed Oct. 9, 2002 (dismissing case under *Rooker-Feldman* doctrine because Edwards was essentially seeking review of final state-court decision), *aff'd* 63 Fed. Appx. 445 (10th Cir. Apr. 16, 2003), *cert. denied* 540 U.S. 1177 (Feb 23, 2004); *Divine Church of God & Christ v. Taxation & Rev. Dep't*, 116 F.3d 1489, *2 (10th Cir. June 27, 1997) (vacating portion of the district court's order and remanding with instructions to dismiss Edwards' claims against a state agency for lack of subject-matter jurisdiction because no unequivocal waiver of the state's sovereign immunity appeared on the face of the record).

## ANALYSIS

**I. Subject-matter jurisdiction.** Edwards/Punchard's complaint in the current action repeats many of the fanciful allegations regarding diplomatic immunity that the Court must again disregard,

3

and Edwards/Punchard has stated no facts that would give this Court federal subject-matter jurisdiction over his claims. For example, insofar as Edwards/Punchard once again seeks damages against the Deming Municipal Court and Judge Van Grundy by challenging the imposition of fines and execution of state-court judgments, including fines for contempt of court for his refusal to pay fines, this Court generally must abstain. "The *Younger* [abstention] doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003). But while the Court usually must stay rather than dismiss a federal action requesting damages pending final resolution of a plaintiff's claims associated with parallel state-court proceedings, *see D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004), the Court may dismiss for want of subject-matter jurisdiction Edwards/Punchard's claims against the Deming Municipal Court and Judge Van Grundy because they are so "wholly insubstantial and frivolous" that they do not state a federal claim. *See Arbaugh*, 546 U.S. at 513 n.10 ("A claim invoking federal-question jurisdiction . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is . . . 'wholly insubstantial and frivolous.'"). Edwards/Punchard's damage claims are premised in part upon his continuing delusional contention that he has diplomatic immunity from state-court proceedings. His claim that imposing an additional fine for contempt of court results in double jeopardy is wholly insubstantial and frivolous, as is his claim that the fact that Judge Van Grundy "is publicly active

as a Church Preacher" violates Edwards/Punchard's First Amendment rights.  *See* Complaint at 8, 10.  Edwards/Punchard cannot create federal-question jurisdiction by simply spouting words generally associated with a federal constitutional right.  His claims for damages against Deming Municipal Court and Judge Van Grundy must be dismissed for lack of subject-matter jurisdiction.

Edwards/Punchard likewise has stated no facts that give rise to subject-matter jurisdiction over the State Defendants, and no unequivocal waiver of the state's sovereign immunity appears on the face of the record.  Claims against the State Defendants also must be dismissed for want of subject-matter jurisdiction.

Although Edwards/Punchard's complaint is extremely disjointed and virtually incomprehensible, he appears to be suing the United States Government (with the President thrown in as a Defendant for good measure but with no allegations related to him), the Tenth Circuit Court of Appeals, and three Tenth Circuit Judges because he disagrees with the Tenth Circuit's most recent consolidated opinion affirming this Court's dismissal of Edwards/Punchard's last two frivolous lawsuits.  *See Punchard v. United States Gov't*, 206 Fed. Appx. 832 (10th Cir. Dec. 28, 2006), *cert. denied* ___ U.S. ___,127 S. Ct. 2253, 167 L. Ed.2d 1091 (2007).  Edwards/Punchard appears to specifically take offense to the Tenth Circuit's statement that it would "disregard any reference or argument Punchard makes that depends on" acknowledging the existence of the "Royal Democratic States of Continental Sudan Africa Government."  *Id.* at 833.  Edwards/Punchard contends that issuing the opinion is an "Attempt at Conspiracy to By Barratry through Moot Jurisdiction Disposition" and that it "caus[es] Unnecessary lower Court misconduct" because the state courts will also not recognize his alleged diplomatic immunity.  Complaint at 7, 9.  He contends that the Tenth Circuit "had no jurisdiction to disposition on Foreign Government Royal status.  A Judiciary Review

5

Case for sure." *Id.* at 10.  This Court has no authority or jurisdiction to review the decisions of the Tenth Circuit.  That authority belongs solely to the United States Supreme Court, and it has already denied review of the Tenth Circuit's decision.  Edwards/Punchard's bald claims for damages against the federal defendants are so wholly frivolous and insubstantial that he has failed to establish federal subject-matter jurisdiction.  The Court will dismiss Edwards/Punchard's complaint.

**II.  Filing Restrictions.**  "The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."  *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted).  "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims."  *Id.* (internal quotation marks omitted).  Although the Court has concluded that it must dismiss Edwards/Punchard's complaint for lack of subject-matter jurisdiction, "[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).  Thus, the Court may impose restrictions on a party's ability to file claims where it gives that party notice and an opportunity to respond, and provides clear guidance about what a plaintiff must do to obtain permission to file an action.  *See id*. at 353-54.  When a party like Edwards/Punchard has engaged in an abusive pattern of litigation, it is appropriate for the court to enjoin that litigant from filing any claims without first seeking prior leave of the court.  *See In re Winslow*, 17 F.3d at 316; *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

As discussed, *supra*, Edwards/Punchard has been filing frivolous suits for over twenty years and making the same frivolous and delusional arguments.  This Court has previously imposed

limited filing restrictions against him. *See Punchard*, CIV No. 98-147 JC, Doc. 32, filed 1/14/1999, *aff'd*, 202 F.3d 282 (10th Cir. Jan. 7, 2000). In 2002, the Court again "warned [Edwards/Punchard] that further frivolous litigation will lead to more serious sanctions, possibly including financial penalties under Rule 11, or restrictions from filing any *pro se* complaint in this District." *Punchard*, CIV No. 02-780 BB, Doc. 38 at 2, filed Sept. 9. 2002 (dismissing complaint for lack of subject-matter jurisdiction). Edwards/Punchard has flagrantly disregarded that warning.

The Court also takes judicial notice that, in 1982, Edwards was convicted of five counts of the crime of unauthorized practice of law after he filed several pleadings on behalf of other people in state court. *See State v. Edwards*, 696 P.2d 1006, 1007 (N.M. Ct. App. 1984), *cert. quashed*, 696 P.2d 1005 (N.M. 1985). He served six months in jail on one count, with an additional fourteen-months' sentence for the remaining counts suspended with probation. *See id.* The state district court conditioned Edwards' probation on the requirement that he "shall cease to practice law in any form." *Id.* After his release and a subsequent hearing, the state court determined that Edwards had violated the conditions of probation by continuing to practice law without a license, and directed that he serve three months additional jail time and pay a $500 fine. *See id.* On appeal, the Court of Appeals merged the five counts of unauthorized practice into one count and affirmed a single conviction, but set aside the order imposing additional jail time. *See id.* at 1010.

Edwards' conviction, however, has clearly not deterred him from attempting to represent other parties or to file documents on their behalf. In 1997, Edwards "attempt[ed] to represent [a] Church as an unlicensed layperson" in this Court, and he had previously filed the same case on both his and the Church's behalf in 1995 in state court. *Divine Church of God & Christ v. Taxation & Rev. Dep't*, 116 F.3d 1489, *1 & n.1 (10th Cir. June 27, 1997) (unpublished). Edwards was again

cautioned that "an unlicensed layperson may only represent himself and not another individual or artificial entity." *Id.* Nevertheless, Edwards/Punchard again filed claims and motions on behalf of two other individuals and the non-existent country in this Complaint, and the Court struck their claims and dismissed them as plaintiffs. *See* Memorandum Opinion and Order Striking Claims, filed the same day as this Order. Edwards/Punchard is intransigent in his determination to continue to file frivolous suits and to attempt to unlawfully represent other individuals.

Edwards/Punchard has had an opportunity to respond to the Defendants' motions for filing restrictions but has not presented in his two rambling responses a cogent or coherent legal argument why filing restrictions should not be imposed. *See* Docs. 52, 68. Edwards/Punchard's lengthy history of filing repetitive, vexatious and frivolous claims cannot be ignored. The litigation history recited above and documented in other cases has caused needless expenses to opposing parties and has diverted scarce judicial resources from addressing claims with merit. The Court concludes that Edwards/Punchard should be barred from filing any further *pro se* cases in the District of New Mexico except under certain conditions..

**IT IS ORDERED** that the complaint in this case is **DISMISSED** for lack of subject-matter jurisdiction, and all pending motions are denied as moot.

**IT IS FURTHER ORDERED** that the following filing restrictions will be imposed on Edwards/Punchard, no matter what name he uses to sign complaints:

Edwards/Punchard may not pursue further litigation against any other defendant in the United States District Court for the District of New Mexico, and the Clerk shall not accept a complaint involving him or the non-existent country he purports to represent, unless either (i) a licensed attorney admitted to practice before this Court signs the pleading or (ii) Edwards/Punchard

first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in federal court, Edwards/Punchard must take the following steps:

    1. File a petition with the Clerk of the Court requesting leave to file a *pro se* original proceeding.

    2. File with the petition a notarized affidavit, in proper legal form, which recites the issues Edwards/Punchard seeks to present, including a short discussion of the legal right asserted and why the Court has jurisdiction over the defendants. The affidavit must certify, to the best of Edwards/Punchard's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, that the new suit is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that he will comply with all the rules of this Court. If Edwards/Punchard has previously sued the defendant in state court or in another federal complaint, the affidavit must certify that the proposed new suit does not present the same issues that another court decided and why another suit against the defendant would not be an abuse of the system.

    3. Edwards/Punchard shall submit his petition and affidavit, and a copy of these filing restrictions, to the Clerk of the Court, who shall forward them to the Chief Magistrate Judge of United States District Court for the District of New Mexico for review to determine whether to permit the filing of a *pro se* original proceeding. Without the Chief Magistrate Judge's approval, and the concurrence of the assigned Article III Judge, the Clerk will not accept a petition or complaint for filing. If the Chief Magistrate Judge and assigned Article III Judge approve the filing,

an order shall be entered indicating that the petition/complaint may be filed and may proceed in accordance with the Federal Rules of Civil Procedure.

Edwards/Punchard shall have ten days from the date this order is filed to file written objections, limited to ten pages, to these proposed filing restrictions. If he does not file objections, the restrictions shall take affect eleven days from the date of this order. The filing restrictions shall apply to any petition/complaint Edwards/Punchard seeks to file after that time. If Edwards/Punchard timely files objections, these restrictions shall not take effect until the Court has ruled on the objections.

_____
**MARTHA VÁZQUEZ**
**U. S. DISTRICT COURT JUDGE**